UNITED STATES of America, Plaintiff–Appellee,

v.

Trevor **GRAHAM,** Defendant–Appellant.

No. 14–16391.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Jeffrey David Nedrow, Office of the U.S. Attorney, San Jose, CA, Susan B. Gray, Barbara Valliere, Assistant U.S., DOJ–USAO, San Francisco, CA, for Plaintiff–Appellee.

Mark K. McCulloch, Brownstone Law Firm, P.A., Winter Park, FL, Airene Williamson, Williamson Law Office, Las Vegas, NV, for Defendant–Appellant.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is

MEMORANDUM **

Trevor Graham appeals the district court's judgment denying his petition for a writ of error coram nobis seeking to vacate his 2008 conviction for making a false statement to a government agency. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Graham claims that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to object to venue in the Northern District of California. We review de novo the district court's denial of Graham's coram nobis petition. *See United States v. Riedl,* 496 F.3d 1003, 1005 (9th Cir.2007). The district court properly denied the petition. Even crediting Graham's contention that his attorney advised him to wait two years before seeking relief, Graham is not entitled to the "extraordinary remedy" of coram nobis relief because he has not shown a valid reason for failing to raise his claim through a 28 U.S.C. § 2255 motion in the subsequent three years. *See id.* at 1005–06. Graham's alleged ignorance about the availability of the writ of error coram nobis does not explain why he did not seek relief under section 2255 during that period. *See Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987).

**AFFIRMED.**

suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.